242

STEVEN KENT LUKER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 27, 2001.*

STEVEN KENT LUKER, *pro se.*

JIM RYAN, Attorney General (MARK E. MCCULLOUGH, Assistant Attorney General, of counsel), for Respondent.

## ORDER

EPSTEIN, J.

This claim against the Respondent's Department of Revenue ("IDR") is for litigation expenses allegedly incurred by the Claimant in an administrative proceeding against the IDR on the Claimant's request for a tax refund, which was ultimately granted. Claimant brings this claim under section 10—55(a) of the Administrative Procedure Act (5 ILCS 100/10—55(a)), and asserts jurisdiction in this Court under section 8(i) of the Court of Claims Act. 705 ILCS 505/8(i).

This claim is before us on the Respondent's motion for summary judgment, to which the Claimant has not responded, which asserts a failure to state a cause of action under the statute.

Respondent's point is well taken. We need look no further than the language of section 10—55 which plainly applies that fee-shifting statute to and only to "* * * any

contest [administrative] case initiated by any agency * * *." That is limiting language and it manifestly does not include administrative proceedings initiated against an agency by a citizen, as Claimant's taxpayer claim against the IDR undisputedly was in this case. The statute simply does not apply to this circumstance.

There are no disputed material facts. Claimant's alleged litigation expenses were not incurred in a proceeding that is covered by section 20—55(a) of the Administrative Procedure Act, and his complaint must therefore be dismissed for failure to state a cause of action under this statutory fee-shifting provision.

Wherefore, it is hereby ordered: Summary judgment is granted to the Respondent; and this claim is denied and forever barred.